IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| G.W., : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION FILE NO. |
| v. : | 1:23-cv-04542-SEG |
| : | |
| RED ROOF INNS, INC., et al., : | |
| : | |
| Defendants. : | |
| : | |

**MOTION TO ADD R-ROOF VI, LLC AS PARTY DEFENDANT AND
TO CONDUCT LIMITED DISCOVERY OUT OF TIME**

Plaintiff requests, pursuant to Fed. R. Civ. P. 19 and 21, to file an amended complaint to add R-Roof VI, LLC as a party defendant—given that entity's sudden disclosure after *five years* of litigation.

On October 5, 2023, Plaintiff brought this civil action against Defendants under the Trafficking Victims Protection Reauthorization Act ("TVPRA"). Plaintiff was trafficked for sex from 2010–2012 from the age of 13 to 15 at the Red Roof Inn at 2200 Corporate Plaza, Smyrna, Georgia 30080 (the "Smyrna Red Roof"). Discovery in this case ends on October 7, 2024.

Because this is not the first civil sex-trafficking case involving the Smyrna Red Roof, the Parties agreed to share discovery and depositions from the *Jane Doe*

1

and *W.K.* cases.[1] The *Jane Doe* cases were filed in August 2019.[2] In those earlier cases, throughout *five years* of litigation, Defendants repeatedly admitted and agreed that Defendant FMW RRI NC, LLC owned the Smyrna Red Roof before its sale in December 2012. The plaintiffs' claims in those earlier cases reached as far back as 2009, so knowing which entity owed the Smyrna Red Roof was crucial.

Defendants repeated those admissions in this case. For example, FMW admits in its answer that "it owned the hotel located at 2200 Corporate Plaza, Smyrna, Georgia 30080 prior to its sale to a third party in December 2012." Doc. No. 10 ¶ 20. It again admitted the same at paragraph 22. In their joint initial disclosures, Defendants stated not only that they were unaware of any other necessary parties but also that FMW RRI owned the Smyrna hotel. Doc. No. 35 at 2, 14. In their joint certificate of interested persons, Defendants stated they knew of no other entities with an interest that could be substantially affected by the outcome of this case. Doc. No. 15 at 2.

As noted, the same admission tracks Defendants' admissions in the earlier cases, whose discovery is shared here. For example, in the *W.K.* case, FMW RRI NC admitted under oath in its interrogatory responses that "Defendant was the

---

[1] Ex. 1, Sharing Agreement Email.
[2] *Jane Does 1-4 v. Red Roof Inns, Inc., et al.*, 1:21-cv-04278-WMR (consolidating from an earlier case number); *W.K. et al. v. Red Roof Inns, Inc., et al.*, 1:20-cv-05263-VMC.

Smyrna Premises title holder between 2010 and 2012."[3] In fact, when the *W.K.* case went to trial in June 2024, the same Red Roof Defendants stipulated that "[t]he Smyrna Red Roof Inn was owned and operated by Red Roof corporate affiliates until December 14, 2012. Prior to December 14, 2012, FMW, a real estate holding company, owned the land."[4]

In short, for the last five years, Defendants have concealed that *a different* Red Roof company owned the Smyrna Red Roof before December 2012. And Defendants did so at every procedural step of the earlier cases and in this case. Until last week.

Suddenly, on September 23, 2024—14 days before discovery ends in this case—Defendants supplemented their initial disclosures. In doing so, Defendants acknowledged the sharing agreement but said nothing about another entity owning the Smyrna Red Roof.[5] Yet in the email providing that supplemental initial disclosure, Defendants produced—for the first time—a warranty deed and a franchise agreement that identified R-Roof VI, LLC as the owner of the Smyrna Red Roof from 2007 until August 25, 2011.[6] Importantly for this motion, the concealed franchise agreement was signed by David Weinstein, Secretary and

---

[3] Ex. 2, June 18, 2021 Interrogatory Responses of FMW RRI NC, LLC at 5.
[4] Ex. 3, Trial Transcript Excerpt
[5] Ex. 4, Defendants' email and Supplemental Initial Disclosures.
[6] Ex. 5, Limited Warranty Deed and Franchise Agreement.

Treasurer of R-Roof VI, LLC. The concealed warranty deed was signed by Mohamed Thowfeek, President of R-Roof VI, LLC.[7]

To put it bluntly, these concealed documents and the concealed information about which entity owned the Smyrna Red Roof were responsive to discovery requests in the shared cases. These documents and information should have been produced years ago. Needless to say, these documents raise myriad questions.

To get try to get answers, Plaintiff emailed Defendants on September 27 a series of requests and questions about the concealed documents that should have been produced five years ago as well as the concealed existence of a necessary party.[8] Plaintiff requested that Defendants consent to adding R-Roof VI, LLC as a party defendant and requested that Defendants consent to Plaintiff conducting three out-of-time depositions: a Rule 30(b)(6) of R-Roof VI, LLC, and individual depositions of Mr. Weinstein and Mr. Thowfeek, the only known employees of R-Roof VI, LLC—their identities having been revealed in the concealed documents.

When Defendants did not respond by 1:00 p.m. on October 1, Plaintiff emailed them again. In doing so, Plaintiff informed Defendants that because discovery closes in six days, Plaintiff planned to move to amend her complaint to

---

[7] Three days later, on September 26, Defendants served an "amended" Rule 26 report (after the Court's deadline for such reports) that references these documents and identifies R-Roof VI, LLC as the corporate owner of the Smyrna Red Roof.
[8] Ex. 6, September 27, 2024 email.

4

add R-Roof VI, LLC and to request those three out-of-time depositions today. Defendants responded to that email stating that they opposed both requests—but providing no substantive answers to Plaintiff's reasonable questions about the concealed documents and information.[9]

R-Roof VI, LLC, as an owner of the Smyrna Red Roof, is an indispensable party in this TVPRA case under Fed. R. Civ. P. 19(a). Plaintiff asks the Court to add this entity as a party defendant. Doing so will allow for efficient and cost-effective resolutions of all issues and claims Plaintiff has against Defendants related to the Smyrna Red Roof. The Court may grant Plaintiff's motion under Fed. R. Civ. P. 21, which empowers the Court to at any time and on just terms to add or drop a party.

The addition of R-Roof VI, LLC, in this action would save the Court and parties time and resources as well as reduce the risk of inconsistent findings of fact and law. Further, the statute of limitations has not run against R-Roof VI, LLC, nor has discovery ended—yet. So adding this additional party will not unduly prejudice the party's rights to a defense on the merits.

To be clear, Plaintiff does not wish to the delay or depart from the current scheduling order in this case. Even though these documents and information were concealed for years, Plaintiff simply requests limited relief. Plaintiff asks to add R-

---

[9] Ex. 7, October 1, 2024 email.

Roof VI, LLC as a party defendant. Plaintiff also asks to conduct three depositions (a Rule 30(b)(6) of R-Roof VI, LLC, and individual depositions of Mr. Weinstein and Mr. Thowfeek, the only known employees of R-Roof VI, LLC) outside the discovery period. Given Defendants' years-long concealment of the responsive documents and information, Plaintiff asks that these depositions take place in Atlanta and that Defendants bear both the costs of these depositions and Plaintiffs' attorneys fees in preparing for and conducting these depositions.

For the above reasons, Plaintiff hereby requests that R-Roof VI, LLC be added as a party defendant and the case style be changed accordingly and that the above depositions be allowed to proceed outside the current discovery period with all costs levied against Defendants. Additionally, Plaintiff asks that the Court direct Defendants to answer Plaintiff's questions about the concealed documents and to certify that they have reviewed their discovery responses in the earlier cases and have now produced all responsive documents and information as they are obligated to do under the Federal Rules of Civil Procedure and this Court's Standing Order.[10]

Respectfully submitted on October 1, 2024.

                                        ANDERSEN, TATE & CARR, P.C.

                                        */s/ Jonathan S. Tonge*
                                        Patrick J. McDonough
                                        Georgia Bar No. 489855

---

[10] Plaintiff proposes First Amended Complaint attached as Exhibit 8.

pmcdonough@atclawfirm.com
Jonathan S. Tonge
Georgia Bar No. 303999
jtonge@atclawfirm.com
Jennifer M. Webster
Georgia Bar No. 760381
jwebster@atclawfirm.com
*Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

Respectfully submitted on October 1, 2024.

ANDERSEN, TATE & CARR, P.C.

*/s/ Jonathan S. Tonge*
Patrick J. McDonough
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
Jonathan S. Tonge
Georgia Bar No. 303999
jtonge@atclawfirm.com
Jennifer M. Webster
Georgia Bar No. 760381
jwebster@atclawfirm.com
*Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile