**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| W.K., E.H., M.M., R.P., M.B., D.P., A.F., C.A., R.K., and K.P., | * * * | |
| Plaintiffs, | * * | Civil Action No. 1:20-CV-05263-MHC |
| v. | * * | |
| RED ROOF INNS, INC.; FMW RRI NC, LLC; RED ROOF FRANCHISING, LLC; RRI WEST MANAGEMENT, LLC; VAHARI HOTEL, LLC; WESTMONT HOSPITALITY GROUP, INC.; and RRI III, LLC, | * * * * * * * | |
| Defendants. | * * | |

**DEFENDANT FMW RRI NC, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT FMW RRI NC, LLC**

COMES NOW FMW RRI NC, LLC (hereinafter "FMW" or "Defendant), a Defendant in the above-captioned civil action, and hereby responds to Plaintiffs' First Interrogatories to Defendant FMW RRI NC, LLC, as follows:

**PRELIMINARY STATEMENT**

1.      The following Responses are based upon information presently available to Defendant, which Defendant believes to be correct.  These Responses are made without prejudice to its right to utilize subsequently discovered facts.

2.      No incidental or implied admissions of fact by Defendant is made by the Responses below.  The only admissions are express admissions.  The fact that Defendant has responded to any Requests herein may not be properly taken as an admission that Defendant accepts or admits the existence of any facts set forth or assumed by such Requests, or that such Responses constitute admissible evidence.  The fact that Defendant has responded to part or all of the Requests is not

intended to be, and shall not be construed to be, a waiver by Defendant of all or any part of any objections made by Defendant to any Request.

3.       Defendant reserves the right to supplement these objections and Responses in the event that additional responsive information or documents are located at a later date.

4.       This Defendant objects to the definition of ""You" and/or "Your" Plaintiffs attempt to impose in its First Interrogatories.  That definition is overly broad for several reasons, including that it encompasses any affiliates of this Defendant.  Defendant is under no obligation to respond to these Requests on behalf of any affiliates or any other entity or persons.  The responses below are on behalf of FMW RRI NC, LLC only.  These responses are not made on behalf of any other entity or person.

5.       This Defendant did not manage or operate, during the relevant times alleged in the Complaint, the Red Roof Inn located at 2200 Corporate Plaza, Smyrna, Georgia 30080 (the "Smyrna Premises"), and did not own, manage, or operate the Red Roof Plus+ located at 1960 North Druid Hills Road NE, Atlanta, Georgia 30329 (the "North Druid Hills Premises").

6.       This Preliminary Statement is hereby incorporated by reference into each of the Responses set forth below.

## RESPONSES TO INTERROGATORIES

1.

Please identify all Persons whom You know or suspect may have discoverable knowledge related to any issue in this matter, including but not limited to any event or conduct described in Plaintiff's Second Amended Complaint, and describe the issues about which You believe each such Person may have knowledge.

**RESPONSE:**

Defendant objects to this Interrogatory as over-burdensome, overbroad and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to a specific time period or subject matter.  Defendant further objects to this Interrogatory to the extent that it seeks information or documentation protected from disclosure pursuant to attorney client privilege and/or work product doctrine and/or was made in anticipation of litigation and/or exceeds the permissible scope of discovery.

Subject to and without waiving this objection, Defendant identifies the following persons:

- **Plaintiffs;**

- **Sex traffickers who allegedly trafficked Plaintiffs;**

- **Police officers and investigators who investigated alleged trafficking of Plaintiffs;**

- **Franchisees for each of the subject properties;**

- **Franchisees' employees for each subject properties;**

- **Red Roof Franchising, LLC's employees;**

- **Jay Moyer – Regional Vice President of Operations.  Mr. Moyer has knowledge related to the operation of the Smyrna Premises, as well as policies and procedures during his time of employment;**

- **Vickie Lam – Franchise Operations Director.  Ms. Lam has knowledge related to franchisee relations for the subject properties during her time of employment;**

- **Glen Galbraith – Franchise Operations Director.  Mr. Galbraith has knowledge related to franchisee relations for the subject properties during his time of employment.**

- **Vanessa Cole – General Manger.  Ms. Cole has knowledge related to the operation of the Smyrna Premises, as well as policies and procedures during her time of employment.**

2.

Please identify all Persons who are or were involved with the following activities at or with regard to the Premises, and provide the person's name, job title, position[s] held, dates of employment (if an employee), and, if not still employed (or never was employed), last known contact information:

    a.  management and/or operation of the Premises;

    b.  cleaning and maintenance of the Premises, including but not limited to all housekeepers and management staff;

    c.  checking guests, invitees, and/or Persons into or out of rooms at the Premises;

    d.  safety or security at the Premises;

    e.  creating nightly audit reports at the Premises;

    f.  risk management, or receipt of any incident reports (whether property damage or personal injury) relating to the Premises (whether or not this person was employed by any Defendant); and

    g.  communicating with Varahi Hotel, LLC on Your behalf.

**RESPONSE:**

**Defendant objects to this Interrogatory as over-burdensome, overbroad and not tailored to the subject of this lawsuit because it is not limited to a specific time period or subject matter.**

**Subject to and without waiving this objection:**

a.  **Defendant was the Smyrna Premises title holder between 2010 and 2012 and contracted with Defendant Red Roof Franchising, LLC and RRI West Management, LLC to manage the Smyrna Premises. At all times thereafter, Defendant did not own, operate or manage the Smyrna Premises. This Defendant never owned, operated or manage the North Druid Hills Premises;**

b.  **Defendant is not in possession or control of any employee records and cannot identify the employees were involved in cleaning or maintenance of the Smyrna Premises because it was not the employer. This Defendant never owned, operated or manage the North Druid Hills Premises;**

c.  **Defendant is not in possession or control of any employee records and cannot identify the employees were involved in checking guests, invitees, and/or Persons into or out of rooms at the Smyrna Premises because it was not the employer. This Defendant never owned, operated or manage the North Druid Hills Premises;**

d.  **Defendant Red Roof Inns, Inc. contracted security and safety of the Smyrna Premises to B.E.S.T., Inc. from 2011-2012.  At all relevant times thereafter, Defendant did not own, operate or mange the Smyrna Premises. This Defendant never owned, operated or managed the North Druid Hills Premises;**

e.  **Front Desk GSR who works overnight shift at that property;**

f.  **None for this Defendant.** *See* **Red Roof Inns, Inc.'s responses;**

g.  **None.**

3.

Please identify all email addresses or phone numbers used for communications relating to the management and operation of the Premises and/or for communicating with Varahi Hotel, LLC on Your behalf.

**RESPONSE:**

**Defendant objects to this Interrogatory as over-burdensome, overbroad and not tailored to the subject of this lawsuit because it is not limited to a specific time period or subject matter.**

**Subject to and without waiving this objection, none for this Defendant at this time. Discovery is just beginning and Defendant will supplement this Interrogatory response as needed.**

4.

Please identify and describe each investigation, audit, review, and/or assessment of the Premises, its operation, and/or management, performed by You or another Person and identify the Persons involved in performing such investigation, audit, review, and/or assessment.

**RESPONSE:**

**Defendant objects to this Interrogatory as over-burdensome, vague, overbroad and not tailored to the subject of this lawsuit because it is not limited to a specific time period or subject matter.**

**Subject to and without waiving this objection, Defendant identifies the following:**

- **Franchise Visitation Reports;**

- **Guest Redi Reports.**

5.

Please identify and describe any and all training, seminar, conference, or meeting You attended, organized, and/or conducted relating to sex trafficking at Hotels and/or at the Premises.

**RESPONSE:**

**Defendant objects to this Interrogatory as over-burdensome, overbroad and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to the subject Premises, or to a specific time period.**

**Subject to and without waiving this objection, Defendant identifies, and has produced, the following:**

- **Preventing and Reacting to Child Sex Trafficking;**
- **Red Roof Inn Manual – Prostitution Safety & Security;**
- **Red Roof Inn Manual – Housekeeping & Laundry Safety & Security;**
- **Preventing and Reacting to Child Sex Trafficking Quiz;**
- **Inhospitable to Human Trafficking Quiz.**

6.

Please describe how You obtain revenue from or related to the Premises and whether and how You are obligated to share or pay some portion of that revenue with any other Person.

**RESPONSE:**

**Defendant objects to this Interrogatory as over-burdensome, vague, overbroad and not tailored to the subject of this lawsuit because it is not limited to a specific time period.**

**Subject to and without waiving this objection, Defendant obtained revenue from the sales of rooms at the Smyrna Premises.**

4839-1929-0344.1                                7

7.

If You created, maintained, or implemented any procedures, protocols, systems, and/or actions to prevent Prostitution or Sex Trafficking at the Premises, please identify and describe those procedures, protocols, systems, and/or actions and if any such procedure, protocol, system, and/or actions changed over time, please describe any such changes.

**RESPONSE:**

**Defendant objects to this request because it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence in that it calls for information related to alleged crimes that are not substantially similar to the crimes alleged here.**

**Subject to objection, Defendant identifies, and has produced, the following:**

- **Red Roof Inn Memorandum on Human Trafficking;**

- **Preventing and Reacting to Child Sex Trafficking;**

- **Red Roof Inn Manual – Prostitution Safety & Security;**

- **Red Roof Inn Manual – Housekeeping & Laundry Safety & Security;**

- **Preventing and Reacting to Child Sex Trafficking Quiz;**

- **Inhospitable to Human Trafficking Quiz;**

- **Red Roof Inn Employee Handbook;**

- **Red Roof Inn GSR Insider.**

8.

If You claim that some other Person is, in whole or in part, liable to Plaintiff**[s]** for any of the claims that Plaintiff**[s]** has**[have]** asserted in this matter, please identify that Person and all facts and evidence supporting that claim.

**RESPONSE:**

**Defendant claims Plaintiffs' alleged sex traffickers are in whole liable to Plaintiffs. In further responding, Defendant expects this to be the focus of discovery and expressly reserves its right to supplement this response.**

9.

Please describe the purpose of and process for creating a nightly audit report or night audit package. This Interrogatory requests a description of:

a. the role of a night auditor;

b. the typical number of hours worked by a night auditor;

c. the specific tasks a night auditor is expected to complete during his or her shift;

d. the type of documents and/or reports used or referenced to create a nightly report;

e. the purpose of the nightly audit reports; and

f. policy and procedure for retention of nightly audit reports including the current location and duration of any available audit reports for the relevant time period.

**RESPONSE:**

**Defendant objects to this Interrogatory as over-burdensome and overbroad because it is not limited to a specific time period, or the specific subject matter of this lawsuit.**

**Subject to and without waiving this objection, this Defendant did not employee the night auditor and directs Plaintiffs to Red Roof Inns, Inc.'s response to the same Interrogatory.**

10.

Please describe any property management systems or programs You used in relation to managing the Premises, including but not limited to the RediStay system, any "Red Roof Programs," and any other computer systems or email systems used in managing the Premises.

**RESPONSE:**

**Defendant objects to this Interrogatory as overbroad and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to information tailored to the subject matter of this lawsuit.**

**Subject to and without waiving this objection, Defendant identifies, and will produce, the following (See Fed. R. Civ. P. 33(d)):**

- **Fidelio Administrative Guide – Front Desk System;**

- **Freight Train & A/R;**

- **Fidelio Quick Steps;**

- **Fidelio A/R Guide;**

- **Fidelio Smart Rate;**

- **Fidelio Rate Management;**

- **Credit Memo;**

- **Preventing and Reacting to Child Sex Trafficking;**

- **Red Roof Inn Manual – Prostitution Safety & Security;**

- **Red Roof Inn Manual – Housekeeping & Laundry Safety & Security;**

- **Preventing and Reacting to Child Sex Trafficking Quiz;**

- **Inhospitable to Human Trafficking Quiz;**

4839-1929-0344.1

11.

Please state whether you monitored online reviews for the Premises during the relevant time period and continue to monitor such reviews. If you do, please describe the processes, regulations or any rules or guidelines used to monitor, respond to or otherwise process or deal with online reviews.

**RESPONSE:**

**Defendant objects to this Interrogatory as over-burdensome and overbroad because it is not limited to the specific subject matter of this lawsuit.**

**Subject to and without waiving this objection, this Defendant did not monitor online reviews.**

This 14th day of June, 2021.

LEWIS BRISBOIS BISGAARD
  & SMITH LLP
Bank of America Plaza
600 Peachtree Street, NE, Suite 4700
Atlanta, Georgia 30308
(404) 348-8585
(404) 467-8845 Facsimile
Chuck.Reed@lewisbrisbois.com
Michael.Freed@lewisbrisbois.com
Adi.Allushi@lewisbrisbois.com

*/s/ Adi Allushi*_____
CHARLES K. REED
Georgia Bar No. 597597
P. MICHAEL FREED
Georgia Bar No. 061128
ADI ALLUSHI
Georgia Bar No. 852810

*Attorneys for Defendants*
*Attorneys for Defendants*
*Red Roof Inns.,*
*FMW RRI NC, LLC,*
*Red Roof Franchising, LLC,*
*RRI West Management, LLC,*
*Westmont Hospitality Group, Inc. and*
*RRI III, LLC*

4839-1929-0344.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of June, 2021 a true and correct copy of the foregoing

***Defendant FMW RRI NC, LLC's Objections And Responses To Plaintiffs' First Interrogatories***

***To Defendant FMW RRI NC, LLC*** was served upon the following parties and/or counsel of record

via electronic mail, as follows:

John E. Floyd
floyd@bmelaw.com
Manoj S. Varghese
varghese@bmelaw.com
Tiana S. Mykkeltvedt
mykketlvedt@bmelaw.com
Amanda Kay Seals
seals@bmelaw.com
Michael R. Baumrind
baumrind@bmelaw.com
Amanda D. Bradley
bradley@bmelaw.com
BONDURANT, MIXSON & ELMORE, LLP
1201 West Peachtree Street, N.W.
Suite 3900
Atlanta, Georgia 30309
*Attorneys for Plaintiffs*

Jonathan S. Tonge
jtonge@atclawfirm.com
Patrick J. McDonough
pmcdonough@atclawfirm.com
ANDERSEN, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
*Attorneys for Plaintiffs*

/s/ Adi Allushi
ADI ALLUSHI
Georgia Bar No. 852810
*Attorneys for Defendants*
*Red Roof Inns.,*
*FMW RRI NC, LLC,*
*Red Roof Franchising, LLC,*
*RRI West Management, LLC,*
*Westmont Hospitality Group, Inc. and*
*RRI III, LLC*