IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| G.W., | ) CASE NO. 1:23-cv-04542-SEG |
| Plaintiff, | ) |
| v. | ) JUDGE SARAH E. GERAGHTY |
| RED ROOF INNS, INC.; FMW RRI NC, LLC; RRI WEST MANAGEMENT, LLC; AND RED ROOF FRANCHISING, LLC, | ) |
| Defendants. | ) |

**DEFENDANTS RED ROOF INNS, INC., FMW RRI NC, LLC, RRI WEST MANAGEMENT, LLC, AND RED ROOF FRANCHISING, LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO ADD R-ROOF VI, LLC AS PARTY DEFENDANT AND TO CONDUCT LIMITED DISCOVERY OUT OF TIME[1]**

Defendants Red Roof Inns, Inc., FMW RRI NC, LLC, RRI West Management, LLC, and Red Roof Franchising, LLC ("Red Roof Defendants"), by and through their counsel, oppose Plaintiff's Motion to Add R-Roof VI LLC as Party Defendant and to Conduct Limited Discovery Out of Time (ECF No. 65), as well as the other "remedies" that Plaintiff seeks in her motion, for three simple reasons: 1) R-Roof VI LLC is a dissolved limited liability company that cannot be added as a

---

[1] The Parties engaged in a meet and confer this afternoon to discuss the outstanding disputes between them. The Parties were able to resolve most of the issues related to the subpoenas and the depositions that the parties previously agreed could be taken beyond the discovery cutoff. This Opposition addresses the remaining issues.

6653874

party; 2) this entity is not a necessary party by any definition; and 3) perhaps more importantly, Plaintiff's accusations that Red Roof Defendants "concealed" R-Roof VI LLC is simply false.

### I. Plaintiff cannot add R-Roof VI LLC as a party to this suit because it is defunct.

R-Roof VI, LLC was formerly a Delaware Limited Liability Company. It was dissolved on October 24, 2018, five years before this case was filed, and well before any of the cases that Plaintiff claims are subject to a "sharing agreement" were filed. (Exhibit A, *Delaware Certificate of Cancellation*). A dissolved entity cannot be sued. *Chicago Title & Tr. Co. v. Forty-One Thirty-Six Wilcox Bldg. Corp.*, 302 U.S. 120, 129 (1937); *Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370 (2d Cir. 2021) (dissolved LLCs had neither capacity to sue nor legal existence following their dissolution). Therefore, R-Roof VI LLC, a defunct party, cannot be added to this suit as a defendant.[2]

---

[2] In addition to the meet and confer, Plaintiff's counsel agreed that they were no longer requesting out of time depositions from a 30(b)(6) deponent, Mohamed Thowfeek, and David Weinstein. Based on this representation, Red Roof Defendants do not address the impropriety of Plaintiff's request to take depositions of the defunct corporation or its officers. Still, Red Roof Defendants reserve the right to assert any and all arguments against these untimely depositions should that issues arise again.

## II. Even if R-Roof VI LLC was not defunct, it is neither a necessary party nor an indispensable party under Fed. R. Civ. P. 19.

In her Motion, Plaintiff makes conclusory statements that R-Roof VI LLC is a necessary party (*see* ECF No. 65, pg. 4), and then an indispensable party (*Id*., pg. 5). But even a cursory analysis demonstrates these claims have no merit. At the outset, Federal Rule of Civil Procedure 19(a)(1) defines a "required party" as "[a] person who is *subject to service of process* and whose joinder will not deprive the court of subject-matter jurisdiction." (emphasis added). As noted above, R-Roof VI LLC is not subject to service of process because it is a dissolved entity and does not have the capacity to be sued.

Even if Plaintiff was able to overcome the first hurdle, however, it must show that the Court cannot afford complete relief among the existing parties, or that the party claims an interest in the action so that disposing of the action in that party's absence may impair or impede the ability to protect its interest, or leave an existing party at risk of inconsistent or multiple obligations. Fed. R. Civ. P. 19(a)(1). None of these things are true here. There is no basis to claim that the court could not provide "complete relief" among the current parties without joining this defunct entity. *See Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1039 (11th Cir. 2014) (parties not necessary because the district court could provide "complete relief" among the litigants without joining the landlords). Plaintiff offers no explanation to suggest that the current Defendants are incapable of satisfying a

3

6653874

judgment or any of the requested relief sought by Plaintiff without the presence of R-Roof VI LLC. This is particularly true where the current Defendants agreed they would not seek to apportion fault to any other Red Roof entity under the "sharing agreement." Clearly, a defunct entity is in no danger of being "impair[ed] or imped[ed]" by the case proceeding without them. *Id*., 746 F.3d at 1040. As such, Plaintiff cannot establish that this entity is a "necessary party" nor an indispensable party.

### III. Plaintiff's claims that the existence of R-Roof VI LLC was "concealed" from Plaintiff over five years of litigation is simply false.

As Plaintiff notes, the parties agreed to share documents and depositions in *W.K, Jane Does 1-4*, and *H.B.*, among others. In those cases, Defendant FMW RRI NC, LLC produced multiple documents that Plaintiff's counsel used in depositions, and at trial showing FMW RRI NC, LLC owned the Smyrna property starting August 25, 2011. Specifically, the Franchise Agreement is dated August 25, 2011 (Bates Nos. HB_FMW_00001-000068); the Property Management Agreement with FMW RRI NC, LLC, used by Plaintiff's in Brianne Austin's 2022, deposition was dated August 25, 2011 (Bates Nos. RRI_000991-001102 and HB_FMW_00069-000181); the Lease Agreement begins on November 1, 2011 (HB_FMW_000182-450). The time of Defendant FMW RRI NC, LLC's ownership is clear. It was not concealed.

4

Continuing their false narrative that Red Roof Defendants "concealed" the identity of a defunct non-party, Plaintiff claims that Red Roof Defendants should have disclosed the prior owner of the property in three different places: (1) Red Roof Defendants' Answer to Plaintiff's Complaint; (2) Red Roof Defendants' discovery responses in the *W.K.* and *Jane Does 1-4* cases; and (3) in Red Roof Defendants' Initial Disclosures in this case. Plaintiff is incorrect on all three counts.

As far as Defendants' Answer in this case, as well as its Answers in the *W.K.* and *Jane Doe 1-4* cases, Red Roof Defendants "admitted and agreed" that FMW RRI NC, LLC owned the property before its sale in December 2012. (ECF No. 10, ¶ 3) That is an accurate statement. Nothing about Plaintiff's allegation required Red Roof Defendants to list the entire ownership history of the property, particularly owners who are not parties and therefore not alleged to be liable for Plaintiff's claimed damages. Plaintiff's claims that Red Roof Defendants somehow hid the ball because they admitted this allegation without reciting the prior ownership history is misplaced.

Plaintiff also claims that this information was responsive to discovery requests. But, because Plaintiff did not serve discovery in this case, and therefore cannot claim that Red Roof Defendants failed to properly respond to any discovery in *this case,* they attempt to use the "sharing agreement" to assert that this information should have been provided in response to discovery in other cases. The

5

sharing agreement, however, is limited to sharing documents and depositions and says nothing about sharing written discovery responses in the other cases. As it stands, Plaintiff cannot point to any discovery request in this case that required the disclosure of R-Roof VI LLC. Setting that aside for the moment, Plaintiff cannot identify a single interrogatory in *W.K.* and *Jane Does 1-4* where it required Red Roof Defendants to identify the owner prior to FMW RRI NC, LLC. Plaintiff cites to a statement in the *W.K.* trial transcript (and erroneously calls that an interrogatory), but that statement simply states that Defendant FMW RRI NC, LLC owned the property before it was sold to the third party franchisee (*Pltf. Mot. Exh. 3*). That remains true today. Nothing about that statement called for the disclosure of defunct non-party R-Roof VI LLC. Moreover, those cases are resolved and dismissed with prejudice. Therefore, even if there was a discovery request that required the disclosure of R-Roof VI LLC (there was not), there is nothing to enforce in this case.

Finally, turning to the Initial Disclosures, Plaintiff asserts that Red Roof Defendants should have disclosed R-Roof VI LLC as a "necessary party." As already noted, R-Roof VI LLC is not a necessary party to this case. Moreover, it was not necessary for Red Roof Defendants to identify a defunct non-party entity that cannot be sued.

Accordingly, the entire premise of Plaintiff's Motion is baseless. The law does not permit a defunct limited liability company to be sued. Plaintiff cannot

establish that R-Roof VI LLC is a necessary or indispensable party. And, the entire Motion is based upon Plaintiff's false assertions that Defendants concealed the fact that FMW RRI NC, LLC's ownership of the Smyrna property started August 25, 2011.

IV. **Conclusion**

Ultimately, Plaintiff is not entitled to any remedy because Red Roof Defendants have done nothing improper, the party Plaintiff seeks to add is defunct and cannot be sued, and the remedies that Plaintiff seeks are not permitted by law. Plaintiff's Motion should be denied in its entirety.

Dated: October 15, 2024

Respectfully submitted,

/s/ Drew Kemp
Sandra J. Wunderlich (*pro hac vice*)
N. Drew Kemp (*pro hac vice*)
TUCKER ELLIS LLP
100 South Fourth Street, Suite 600
St. Louis, MO  63102-1822
Telephone:  314.256.2550
Facsimile:   314.256.2549
sandra.wunderlich@tuckerellis.com
drew.kemp@tuckerellis.com

Chelsea Mikula (*pro hac vice*)
Joseph Manno
Elisabeth Arko
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH  44113-7213

6653874

Telephone:  216.592-5000
Facsimile:   216.592-5009
chelsea.mikula@tuckerellis.com

Marcella C. Ducca
(Ga Bar No. 115079)
Brandon D. Cox
(Ga Bar No. 832025)
GREENBERG TRAURIG LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA  30305
Telephone:  678.553.2100
duccam@gtlaw.com
coxb@gtlaw.com

***Attorneys for Defendants Red Roof Inns, Inc., FMW RRI NC, LLC, RRI West Management, LLC, and Red Roof Franchising, LLC***

8

6653874

## CERTIFICATION

This is to certify that the foregoing has been prepared with a font and point selection approved by Local Rule 5.1., Times New Roman, 14-point font.

/s/ *Drew Kemp*
Sandra J. Wunderlich (*pro hac vice*)
N. Drew Kemp (*pro hac vice*)
TUCKER ELLIS LLP
100 South Fourth Street, Suite 600
St. Louis, MO  63102-1822
Telephone:  314.256.2550
Facsimile:   314.256.2549
sandra.wunderlich@tuckerellis.com
drew.kemp@tuckerellis.com

Chelsea Mikula (*pro hac vice*)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH  44113-7213
Telephone:  216.592-5000
Facsimile:   216.592-5009
chelsea.mikula@tuckerellis.com

Marcella C. Ducca
(Ga Bar No. 115079)
Brandon D. Cox
(Ga Bar No. 832025)
GREENBERG TRAURIG LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA  30305
Telephone:  678.553.2100
duccam@gtlaw.com
coxb@gtlaw.com

**Attorneys for Defendants Red Roof Inns, Inc., FMW RRI NC, LLC,**

6653874

*RRI West Management, LLC, and
Red Roof Franchising, LLC*

10

6653874