IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| G.W., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | CIVIL ACTION FILE NO. |
| v. | : | 1:23-cv-04542-SEG |
| | : | |
| RED ROOF INNS, INC., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO ADD R-ROOF VI, LLC AS PARTY DEFENDANT AND TO CONDUCT LIMITED DISCOVERY OUT OF TIME**

Plaintiff continues to request the addition of R-Roof VI, LLC as a party. Defendants' arguments to the contrary are unavailing.

**I.   Dissolved corporations may be sued.**

The dissolution of a company rarely prevents it from being sued for liabilities incurred while it was in business. This makes sense, as otherwise companies would open and close with regularity as a means of evading liability.

Federal Rule of Civil Procedure 17 governs the capacity to sue or be sued. There are two possible scenarios under this rule and in either case a dissolved company like R-Roof VI can still be sued by someone it has allegedly injured.

Rule 17(b)(2) provides that for a "corporation," the law of the state under which the corporation was organized determines its capacity to be sued. R-Roof VI

1

was organized in Delaware. [Dkt. No. 71-1]. Under Delaware law, a dissolved company may be sued for a personal injury so long as the corporation has some undistributed asset, such as an unexpired insurance policy. *In re Krafft-Murphy Co., Inc.*, 82 A.3d 696, 702–07 (Del. 2013) (analyzing Delaware law). Thus, under Delaware law, R-Roof VI may be sued, whether it is dissolved or not.

But R-Roof VI is a limited liability company, not strictly a "corporation." There does not appear to be a case directly addressing whether this distinction shifts the analysis to the following subsection, which provides that "for all other parties" capacity to be sued is determined "by the law of the state where the court is located[.]" Fed. R. Civ. P. 17(b)(3). If that were the case, Georgia law would apply, with the same result.

To extinguish liability for a limited liability company, Georgia law requires an extensive winding up process, including publication and notice, that R-Roof VI has not complied with. *See* O.C.G.A. § 14-11-607–611. Therefore, R-Roof VI continues to face all the liability it would have if it were not dissolved. O.C.G.A. § 14-11-605(b).

The cases Defendants cite to support the sweeping statement that dissolved companies may not be sued applied Illinois law from the 1930s and Cayman Islands law, respectively. The first case, *Chicago Title & Trust Co. v. Forty-One Thirty-Six Wilcox Bldg. Corp.*, concerned only whether an Illinois corporation

could *initiate* a suit, not whether it could be sued.[1] 302 U.S. 120, 126 (1937). The second case, *Fund Liquidation Holdings LLC v. Bank of America Corp.*, applied Cayman Islands law—the law of a British territory—to again determine the capacity *to sue*, not to be sued. 991 F.3d 370 (2d Cir. 2021). These cases, applying varied laws, have nothing to do with the outcome of this motion.

In short, regardless of whether Georgia or Ohio law is applied, a dissolved LLC like R-Roof VI has the capacity to be sued and can be added to this lawsuit as a party defendant.

II.   **R-Roof VI should be joined as a party.**

Defendants may be joined in an action if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20. Here, both elements are met. The amended complaint seeks joint and several liability against all Defendants under the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1595(a), which is the sole count in both the complaint and the amended complaint. [Dkt. No. 65-8 ¶ 98]. Plaintiff

---

[1] In Illinois companies can be sued after dissolution. 805 Ill. Comp. Stat. 5/12.80.

3

alleges that Defendants, including R-Roof VI, were the agents and joint venturers of one another in the operation of the Smyrna Red Roof Inn. *Id.* ¶¶ 7, 22, 29, 33.

Plaintiff would be prejudiced by the absence of R-Roof VI because Defendants are likely to move for summary judgment on a basis similar to the motion filed (and denied) in *H.B. v. Red Roof Inns, Inc., et al.*, No. 1:22-cv-1181-JPB. In that case, each Red Roof defendant filed a separate summary judgment motion based on the report of the same "franchising expert" disclosed by Defendants in this case, arguing that because each defendant entity is separate and distinct from the other, liability could attach to none. *See generally* [Dkt. Nos. 94-1, 95-1, and 96-1].

Thus, evidence that the owner of the hotel—a landowner in Georgia who has "constructive notice of what a reasonable inspection conducted in the exercise of ordinary care would reveal," *Johnson St. Props., LLC v. Clure*, 805 S.E.2d 60, 65 (Ga. 2017)—is also a shell company with no employees or independent operations that is controlled by another Red Roof defendant, is evidence that supports questions of fact sufficient for trial under agency, vicarious liability, and venture principles. *See, e.g.*, Ex. 1, *H.B. v. Red Roof Inns, Inc., et al.*, No. 1:22-cv-1181-JPB, Dkt. No. 158 at 20–25 (denying summary judgment on that, and other, evidence).

For the above reasons, and the reasons in Plaintiff's motion, Plaintiff hereby requests that R-Roof VI, LLC be added as a party defendant and the case style be changed accordingly.

Respectfully submitted on October 17, 2024.

                                  ANDERSEN, TATE & CARR, P.C.

                                  */s/ Jonathan S. Tonge*
                                  Patrick J. McDonough
                                  Georgia Bar No. 489855
                                  pmcdonough@atclawfirm.com
                                  Jonathan S. Tonge
                                  Georgia Bar No. 303999
                                  jtonge@atclawfirm.com
                                  Jennifer M. Webster
                                  Georgia Bar No. 760381
                                  jwebster@atclawfirm.com
                                  *Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

5

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

Respectfully submitted on October 17, 2024.

                                                    ANDERSEN, TATE & CARR, P.C.

                                                    */s/ Jonathan S. Tonge*
                                                    Patrick J. McDonough
                                                    Georgia Bar No. 489855
                                                    pmcdonough@atclawfirm.com
                                                    Jonathan S. Tonge
                                                    Georgia Bar No. 303999
                                                    jtonge@atclawfirm.com
                                                    Jennifer M. Webster
                                                    Georgia Bar No. 760381
                                                    jwebster@atclawfirm.com
                                                    *Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all counsel of record.

Respectfully submitted on October 17, 2024.

                                      ANDERSEN, TATE & CARR, P.C.

                                      */s/ Jonathan S. Tonge*
                                      Patrick J. McDonough
                                      Georgia Bar No. 489855
                                      pmcdonough@atclawfirm.com
                                      Jonathan S. Tonge
                                      Georgia Bar No. 303999
                                      jtonge@atclawfirm.com
                                      Jennifer M. Webster
                                      Georgia Bar No. 760381
                                      jwebster@atclawfirm.com
                                      *Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile